Weygandt, C. J.
The investigation by the state Fire Marshal was conducted under favor of Section 3737.08 et seq., Devised Code.
.The provisions under question in this action are those contained in Section 3737.13, Eevised Code, which read as follows :
“Investigation by or under the direction of the Fire Marshal may be private. The marshal may exclude from the place where such investigation is held all persons other than those required to be present, and witnesses may be kept separate from each other .and not allowed to communicate with each other until they have been examined. ’ ’
The reason given by the appellant petitioners for their refusal to be sworn or to testify was that the state Fire Marshal refused to permit them to have counsel present to represent them at the hearing.
The first contention of the appellants is that under the provisions of the above-quoted statute the Fire Marshal is not authorized to exclude counsel for a witness. However, the language is broad and provides clearly that “the marshal may exclude * * * all persons other than those required to be present.” There is no intimation that counsel for a witness is required to be present.
*28 The remaining contention of the appellants is that, if the statute authorizes the exclusion of counsel, it is violative of the provisions of the due process clause of the 14th Amendment to the Constitution of the United States and of the provisions of Section 10 of Article I of the Constitution of Ohio, the latter of which read in part as follows:
“In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel # * *. No person shall be compelled, in any criminal case, to be a witness against himself * * *.”
As observed by the lower courts, there are several reasons why these provisions are inapplicable to the instant investigation. There is no “trial” or “criminal case” pending; there is no “accused party”; this matter is not pending in “any court”; self-incrimination is not involved, inasmuch as the Fire Marshal agrees that the appellants can not be compelled to testify against themselves; the privilege is personal; and these appellants have not even been sworn, as this court held necessary in the case of State v. Cox, 87 Ohio St., 313, 101 N. E., 135, before the privilege can be asserted.
Hence, it is apparent that the constitutional rights of the appellants have not been violated and that the lower ■ courts were correct in denying the relief sought.

Judgment affirmed.

Matthias, Hart, Zimmerman, Stewart, Bell and Taft, JJ., concur.